Evan Wiederkehr, Esq. (EW9488)
The Wiederkehr Law Group, P.C.
Attorneys for _____
One North Lexington Avenue, 11th Floor
White Plains, New York 10601
(914) 297-1199

------------------------------------------------------X

In re:

Justo Reyes,

    Debtor.

Chapter 13

Case No. 16-22556 (SHL)

------------------------------------------------------X

In re:

Karen Jackson,

    Debtor.

Chapter 13

Case No. 16-23514 (SHL)

------------------------------------------------------X

In re:

Janet Berger,

    Debtor.

Chapter 13

Case No. 17-22921 (SHL)

------------------------------------------------------X

In re:

Anastasia Cretekos,

    Debtor.

Chapter 13

Case No. 18-22239 (SHL)

------------------------------------------------------X

In re:

Frank Occhipinti,

    Debtor.

Chapter 13

Case No. 18-22690 (SHL)

------------------------------------------------------X

In re:

Richard Graham Watson,

    Debtor.

Chapter 13

Case No. 18-22923 (SHL)

------------------------------------------------------X

In re:

Douglas Kramer,

    Debtor.

Chapter 13

Case No. 18-22940 (SHL)

```
-------------------------------------------------X
-------------------------------------------------X
In re:
                                                        Chapter 13
Charmaine J. Brown,
                                                        Case No. 18-23036 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
Janice K. Desmond,
                                                        Case No. 18-23750 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
Suzanne M. Faupel,
                                                        Case No. 19-22007 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
Christopher Rocco Gizzo,
                                                        Case No. 19-22051 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
John Kolkowski,
                                                        Case No. 19-22172 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
Catherine R. Pelle,
                                                        Case No. 19-22229 (SHL)
       Debtor.
-------------------------------------------------X
In re:
                                                        Chapter 13
David Daniel Akerib,
                                                        Case No. 19-22276 (SHL)
       Debtor.
-------------------------------------------------X
```

```
-------------------------------------------------------X
In re:
                                                          Chapter 13
Sarah Frankel,
                                                          Case No. 19-22281 (SHL)
Debtor.
-------------------------------------------------------X
In re:
                                                          Chapter 13
Malka Farkas,
                                                          Case No. 19-22520 (SHL)
Debtor.
-------------------------------------------------------X
In re:
                                                          Chapter 13
Blossom Joyce Consingh,
                                                          Case No. 19-23034 (SHL)
Debtor.
-------------------------------------------------------X
```

**MEMORANDUM OF LAW**

This memorandum of law is respectfully submitted on Linda M. Tirelli, Esq., by her attorneys, THE WIEDERKEHR LAW GROUP, P.C., in opposition to the the pending Order to Show Cause, seeking, inter alia to determine whether certain misrepresentations were made to the Court concerning the failure by certain Chapter 13 debtors to remit to the escrow account of counsel post-petition, adequate security payments with respect to contested claims by purported secured creditors.

It is respectfully submitted that Linda M. Tirelli's motion should be granted in its entirety because, no misrepresentation was ever knowingly made to the Court by the undersigned or person under her direction or control at any time. In the absence of specific reference to the alleged misrepresentation made, request is made that the Order to Show Cause be vacated by the Court.

The Court is respectfully referred to the accompanying Declaration of Linda Tirelli, Esq. for a recitation of the relevant facts and history of this matter.

**ARGUMENT**

This Court's Order to Show Cause, dated June 17, 2021, provides, in part:

> It was represented to the Court by Linda M. Tirelli, Esq., counsel to the debtors in each of the above captioned cases (collectively, the "Debtors"), that postpetition mortgage payments on the Debtors' real property would be held in escrow by Ms. Tirelli for each of the Debtors, instead of being paid directly to the secured creditors or being paid to the Chapter 13 Trustee. This representation was contained in numerous Chapter 13 Plans filed in these cases and also was made verbally on numerous occasions to the Court during Chapter 13 hearings. [FN 1 omitted] At a hearing held on June 2, 2021 it came to the Court's attention that postpetition mortgage payments purportedly being held in escrow by Ms. Tirelli in a large number of these cases were not actually being set aside, despite the prior representations to the Court. During the course of the hearing, it also became clear that the amount of money that should have been in escrow—but was not—was often a large sum, and these sums had never been remitted in any manner to the Chapter 13 trustee for the benefit of creditors or paid directly to the secured creditors.

As set forth in the accompanying Declaration of Linda Tirelli, Esq., June 2, 2021 was not the date upon which the Court became aware of certain debtor's failure to comply with the Chapter 13 plan provision that provided for disputed adequate security payments to be remitted to counsel to hold in escrow.

The issue was raised as early as September 9, 2020 in the in the matter of Janice K. Desmond, 18-23750, pursuant to which Ms. Tirelli was transparent with the Court concerning the debtor's failure to comply with the plan provision requiring remittance of post-petition mortgage payments into counsel's escrow. No facts were secreted. No misrepresentations were made. To the contrary, the Court received the information and proceeded accordingly. Nine months before the date upon which the Court suggests the issue came to light Ms. Tirelli had already informed the Court that the plan provision was not being honored by her client.

Local Rule 1.5 (b) of the United States District Court for the Southern District of New York is entitled "Grounds for Discipline or Other Relief." It states, "Discipline or other relief, of the types set forth in paragraph (c) below, may be imposed, by the Committee on Grievances, after notice and opportunity to respond as set forth in paragraph (d) below, if any of the following grounds is found by clear and convincing evidence:…"

Subsection (5), provides:

> In connection with activities in this Court, any attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

Therefore, attorneys admitted to practice in this Court are subject to the Rules of Professional Conduct as promulgated by the New York State Appellate Divisions.

Rule 3.3 of the New York Rules of Professional Conduct is entitled "Conduct Before a Tribunal." Rule 3.3 (a) states in relevant part,

> A lawyer shall not knowingly:
>
> (1)   make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;…

Rule 1.0 (k) defines "knowingly" as denoting "actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances."

New York's leading ethics treatise, "Simon's New York Rules of Professional Conduct Annotated, 2020-2021 edition" at page 1081, "Under Rule 3.3 (a) (1), the lawyer's duty to correct is

limited to correcting false statements made by the lawyer. It does not impose a duty to correct false statements made by a lawyer's client."

The order to show lists seventeen cases in the caption. Yet, there are no specific allegations in the order to show cause or in the single footnote listing those 17 cases where Ms. Tirelli is alleged to have made "a false statement of material fact or law…."

Moreover, the failure of a debtor to comply with the provisions of a Chapter 13 plan does not translate to the plan constituting a false statement.

In Mok v. 21 Mott St., Rest. Corp, 2017 WL 3981308 (S.D.N.Y. Sept 8, 2017), Judge P. Kevin Castel sanctioned a lawyer for violating Rule 3.3 (a) (1) because he continued to advise the court the court that he represented a client even though the client had died eight months earlier, which is clearly a "false statement of material fact…."

The Order to Show Cause does not contain any "false statements of material fact or law" allegedly made by Ms. Tirelli.

In New York v. Wolf, 2020 WL 2049187 (S.D.N.Y. 2020), Judge Jesse M. Furman, in his July 29, 2020 memorandum opinion and order against the Department of Homeland Security, wrote that "For the sake of ensuring an accurate record and to help the Court in deciding how to proceed down the line, therefore, it is necessary for Defendants [DHS] to make a comprehensive record of any and all "inaccurate" or "misleading" statements in their prior submissions." This dealt with the DHS's false statements that resulted in the US Attorney's Office for the Southern District retracting arguments it had made defending a DHS policy to exclude New York from federal programs for expediting international travel, such as Global Entry.

The order to show cause does not contain any specific "inaccurate" or "misleading" statements made by Ms. Tirelli nor does it contain any allegations by the Chapter 13 Trustee of specific "inaccurate" or misleading" statements made by Ms. Tirelli.

No basis exists to suggest that Ms. Tirelli knew, or should have known, that at the time of the subject Chapter 13 Plan(s), the relevant debtor would not honor the provision requiring remittance of post-petition payments. To the contrary, Ms. Tirelli was forthright in every instance in which the issue was raised or inquiry made of her office.

## CONCLUSION

For the reasons set forth above, together with the accompanying Declaration of Linda Tirelli, Esq, the Court's Order to Show Cause should be dismissed.

Dated: White Plains, New York
       September 20, 2021

                             THE WIEDERKEHR LAW GROUP, P.C.
                             *Attorneys for Linda M. Tirelli, Esq.*

                             By: __/s/Evan Wiederhehr, Esq._____
                                  EVAN WIEDERKEHR, ESQ. (EW9488)
                                  One North Lexington Avenue, 11th Floor
                                  White Plains, New York 10601
                                  Tel.: (914) 297-1100
                                  ew@wiedlaw.com