UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

**Hearing:  December 15, 2021 (2:01 p.m.)**

-------------------------------------------------------X

In re:

Justo Reyes,

                     Debtor.

Chapter 13

Case No. 16-22556 (SHL)

-------------------------------------------------------X

In re:

Karen Jackson,

                     Debtor.

Chapter 13

Case No. 16-23514 (SHL)

-------------------------------------------------------X

In re:

Janet Berger,

                     Debtor.

Chapter 13

Case No. 17-22921 (SHL)

-------------------------------------------------------X

In re:

Anastasia Cretekos,

                     Debtor.

Chapter 13

Case No. 18-22239 (SHL)

-------------------------------------------------------X

In re:

Frank Occhipinti,

                     Debtor.

Chapter 13

Case No. 18-22690 (SHL)

-------------------------------------------------------X

In re:

Richard Graham Watson,

                     Debtor.

Chapter 13

Case No. 18-22923 (SHL)

-------------------------------------------------------X

In re:

Douglas Kramer,

                     Debtor.

Chapter 13

Case No. 18-22940 (SHL)

-------------------------------------------------------X

In re:

Charmaine J. Brown,

                  Debtor.

-------------------------------------------------------X

In re:

Janice K. Desmond,

                  Debtor.

-------------------------------------------------------X

In re:

Suzanne M. Faupel,

                  Debtor.

-------------------------------------------------------X

In re:

Christopher Rocco Gizzo,

                  Debtor.

-------------------------------------------------------X

In re:

John Kolkowski,

                  Debtor.

-------------------------------------------------------X

In re:

Catherine R. Pelle,

                  Debtor.

-------------------------------------------------------X

In re:

David Daniel Akerib,

                  Debtor.

-------------------------------------------------------X

Chapter 13

Case No. 18-23036 (SHL)

Chapter 13

Case No. 18-23750 (SHL)

Chapter 13

Case No. 19-22007 (SHL)

Chapter 13

Case No. 19-22051 (SHL)

Chapter 13

Case No. 19-22172 (SHL)

Chapter 13

Case No. 19-22229 (SHL)

Chapter 13

Case No. 19-22276 (SHL)

In re:

Sarah Frankel,

                    Debtor.
--------------------------------------------------------X

In re:

Malka Farkas,

                    Debtor.
--------------------------------------------------------X

In re:

Blossom Joyce Consingh,

                    Debtor.
--------------------------------------------------------X

Chapter 13

Case No. 19-22281 (SHL)


Chapter 13

Case No. 19-22520 (SHL)


Chapter 13

Case No. 19-23034 (SHL)


# UNITED STATES TRUSTEE'S RESPONSE
# TO SUPPLEMENTAL ATTORNEY DECLARATION


WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

**By:**     */s/ Andrew D. Velez-Rivera*
          Trial Attorney
          U.S. Department of Justice
          Office of the United States Trustee
          U.S. Federal Office Bldg.
          201 Varick Street, Suite 1006
          New York, New York 10014
          Tel. (212) 510-0500

## TABLE OF CONTENTS

I.      SUMMARY ………………………………………………………………………..1

II.     BACKGROUND…………………………………………………………………1

        A.      The Order to Show Cause ………………………………………………..1

        B.      The Adjournment Order………………………………………………..3

        C.      Ms. Tirelli's First Attempt to Unilateral Release Escrow Funds………………4

        D.      Ms. Tirelli's Submissions of August 4, 2021 and September 20, 2021………..5

        E.      Escrow Funds Held by Ms. Tirelli in the Affected Cases………………………7

        F.      Events at the Hearing of October 20, 2021……………………………………..8

        G.      Ms. Tirelli's Second Attempt to Unilaterally Release Escrow Funds…………12

        H.      Ms. Tirelli's Supplemental Attorney Declaration……………………………..13

III.    RECOMMENDATION…………………………………………………………….14

IV.     CONCLUSION…………………………………………………………………..16

# TABLE OF AUTHORITIES

*Harris v. United States*, 413 F.2d 316 (9th Cir. 1969)………………………………………16

*Randy Int'l Ltd. v. Automatic Compactor Corp.*, 412 N.Y.S.2d 995 (N.Y. Civ. Ct. 1979)…16

*Raspberry Junction Props. LLC v. Edwards Fa. P'ship LP*,
     No. 18-cv-1243-WWE, 2019 WL 2602871 (D. Conn. June 25, 2019)……………..16

*United States v. Huberts*, 637 F.2d. 630 (9th Cir. 1980)……………………………………16

**UNITED STATES TRUSTEE'S RESPONSE**
**TO SUPPLEMENTAL ATTORNEY DECLARATION**

William K. Harrington, the United States Trustee for Region 2, respectfully files this

*Response to Supplemental Attorney Declaration*, in the chapter 13 cases referenced above

("Affected Cases").

## I.  SUMMARY

The *Order to Show Cause Why Court Should Not Sanction Counsel* ("OSC") has been

pending against Linda M. Tirelli, Esq., for almost six months, with several Court proceedings.

In repeated attempts to vacate the OSC during that time frame, Ms. Tirelli has filed two attorney

declarations, and openly requested on the record of two hearings that the OSC be vacated.

But the Court should not vacate the OSC at this time, because Ms. Tirelli still has not

complied with the clear directives of the OSC and the Bench, even after having been granted a

generous extension of time within which to do so.  In particular, Ms. Tirelli has not complied

with this Court's instructions to file the escrow account statements at issue.

## II.  BACKGROUND

A.    **The Order to Show Cause.**

On June 17, 2021, the Court issued the OSC in the Affected Cases.  As set forth in the

OSC, Ms. Tirelli, who is counsel to the debtors in the Affected Cases, represented to the Court

that "postpetition mortgage payments on the Debtors' real property would be held in escrow by

Ms. Tirelli for each of the Debtors, instead of being paid directly to the secured creditors or

being paid to the Chapter 13 Trustee."  OSC, Reyes Dkt. No. 112, at 3.[1]  The Court observed in

the OSC that Ms. Tirelli's representation: "was contained in numerous Chapter 13 Plans filed in

---

[1]   Unless specified otherwise, references to "Reyes Dkt. No." are to the docket of the case styled
In re Justo Reyes, Case No. 16-22556 (SHL).

[the Affected C]ases and also was made verbally on numerous occasions to the Court during Chapter 13 hearings." *Id*.

The Court specifically set forth in the OSC that, "At a hearing held on June 2, 2021, it came to the Court's attention that postpetition mortgage payments purportedly being held in escrow by Ms. Tirelli in a large number of [the Affected C]ases were not actually being set aside, despite [Ms. Tirelli's] prior representations to the Court. *Id*., at 3-4.  During the course of the hearing, it also became clear that the amount of money that should have been held in escrow — but was not — was often a large sum, and that these sums had never been remitted in any manner to the Chapter 13 Trustee for the benefit of creditors or paid directly to the secured creditors." *Id*., at 4.

The OSC therefore, commands Ms. Tirelli to show cause as to:

 **(i)** whether misrepresentations were made by Ms. Tirelli — or other counsel on her behalf — regarding the escrowing of postpetition mortgage payments and, if so, why Ms. Tirelli should not be sanctioned for such misrepresentations,

**(ii)** whether all postpetition mortgage payments purportedly held in escrow by Ms. Tirelli in the above-captioned cases should not be immediately turned over to the applicable secured creditors or the Chapter 13 Trustee,

**(iii)** why the Chapter 13 Plans in each of the above-captioned cases—and any other cases where Ms. Tirelli is counsel and the plans provide for the escrow of postpetition mortgage payments—should not be immediately amended to require that all postpetition mortgage payments be paid either directly to the secured creditors or paid to the Chapter 13 Trustee as conduit payments to the secured creditors.

*Id*., at 5-6 (bold added).

The OSC further required that Ms. Tirelli file a declaration, by no later than July 14, 2021, providing the following three discrete items of information:

**1)** a calculation of the amount of funds that are being held in escrow for postpetition mortgage payments in each of the above-captioned cases and any other cases where Ms. Tirelli has represented to the Court that she (or her law firm) is holding such funds;

2

**2)** an accounting of how the funds actually held in escrow by Ms. Tirelli (or her law firm) compares with the amount that should be in escrow given the length of time that these bankruptcy cases have been pending, and

**3)** to the extent that the funds actually held in escrow do not match the amount that should have been in escrow based on representations made to the Court, an explanation as to why such a circumstance does not constitute sanctionable conduct.

*Id.*, at 6-7 (bold added).

**B.     The Adjournment Order.**

On June 30, 2021, with the consent of the United States Trustee, but without seeking the

consent of the Chapter 13 Trustee, Ms. Tirelli sought from the Court an adjournment of the

hearing on the OSC to October 20, 2021, as well as an adjournment of the due date for her

declaration, to September 20, 2021.  Reyes Dkt. No. 115.

On July 2, 2021, the Court entered the *Order Adjourning Order to Show Cause*

("Adjournment Order"), granting the extensions sought by Ms. Tirelli in the Affected Cases.

Reyes Dkt. No. 116.  Furthermore, in addition to the three items required of Ms. Tirelli pursuant

to the OSC, the Adjournment Order requires two further items:

**4)** . . . that within two weeks of the date of entry of this Order, each of the Chapter 13 Plans filed in the above-captioned cases shall be amended to replace any language regarding the escrow of postpetition mortgage payments with Ms. Tirelli or her law firm with language providing that all future postpetition mortgage payments shall be paid either directly to the secured creditors or to the Chapter 13 Trustee as conduit payments to the secured creditors [and] . . .
**5)** . . . that, by August 4, 2021, Ms. Tirelli shall provide the Court with a comprehensive list of all pending Chapter 13 cases in which the Chapter 13 Plan provides for the escrow of postpetition mortgage payments with Ms. Tirelli or her law firm, inclusive of cases filed in White Plains, Poughkeepsie and Manhattan.

Reyes Dkt. No. 116, at 4 (bolded numbers added).

3

**C.      Ms. Tirelli's First Attempt to Unilaterally Release Escrow Funds.**

In a letter to the Court dated July 15, 2021, the United States Trustee advised the Court

that, in one of the Affected Cases, In re Richard Graham Watson, No. 18-22923 (SHL) ("Watson

Case"), Ms. Tirelli had unilaterally transferred funds held in her trust account to the payment

lockbox held by Chapter 13 Trustee, Krista M. Preuss.  Reyes Dkt. No. 118.  The United States

Trustee and the Chapter 13 Trustee, however, believed that the Chapter 13 Trustee lacked the

necessary authority to hold the funds at the time.  *Id*.  Therefore, the United States Trustee was of

the view that, until the Court and interested parties had the opportunity to fully assess Ms.

Tirelli's submissions pursuant to the OSC and Adjournment Order, and without a full accounting

from Ms. Tirelli regarding debtor funds previously held or being held in her escrow account, the

*status quo* should be preserved uniformly with respect to all escrow funds at issue in the OSC

and Adjournment Order.  *Id*.  Accordingly, the United States Trustee sought the Court's

guidance with respect to the treatment of such funds and similarly-situated funds being held in

trust by Ms. Tirelli in any other Affected Case, and requested that the Court hold a status

conference.  *Id*.  The Court agreed and scheduled a status conference.  Reyes Dkt. No. 119.

At the status conference held July 21, 2021, Ms. Tirelli's counsel represented to the Court

that all but one of the plans at issue had been amended.  Reyes Dkt. No. 153 (Tr., at 14:8-10).

Otherwise, with respect to funds held in escrow by Ms. Tirelli, the Court was in accord that the

*status quo* should be preserved.  As the Court stated:  "it does seem sensible and consistent with

what I'm hearing from everyone to enter an order that says that all monies that were placed in

escrow in these cases shall remain in escrow and subject to the accounting requirements that are

set forth in the order to show cause, and will remain in escrow until such time as there's an order

of the Court that specifically authorized that money to go somewhere else."  *Id*., at 16:11-18.

4

The Court, however, agreed at the status conference to consider any requests by Ms. Tirelli for escrow funds to be returned to the affected debtors.  *Id*., at 24-26.

The Court then memorialized the edicts announced at the July 21, 2021 status conference in its *Order Imposing Status Quo re: Escrow Funds Pending Disposition of Order to Show Cause Why Court Should Not Sanction Counsel*.  Reyes Dkt. No. 160 ("Status Quo Order").  The Status Quo Order provides that in the Affected "Cases and all other applicable chapter 13 cases in which she is debtor's counsel, Linda Tirelli, Esq. shall keep any escrow funds currently on deposit in her trust account(s) in such account(s), pending further order of the Court."  *Id*., at 4.  The Status Quo Order also permitted Ms. Tirelli to seek relief from the order "on a case-by-case basis, . . . including on the ground that such relief is necessary to ensure compliance with Connecticut Code of Conduct Rule 1.15(e)."  *Id*., at 5.[2]

**D.    Ms. Tirelli's Submissions of August 4, 2021 and September 20, 2021.**

As set forth above, in the Adjournment Order, the Court ordered that, by August 4, 2021, Ms. Tirelli file "a comprehensive list of all pending Chapter 13 cases in which the Chapter 13 Plan provides for the escrow of postpetition mortgage payments with Ms. Tirelli or her law firm, inclusive of cases filed in White Plains, Poughkeepsie and Manhattan."  Reyes Dkt. No. 116, at 4.  On August 4, 2021, Ms. Tirelli filed a *Statement in Compliance with Scheduled Order Dated July 2, 2021*, listing one case:  In re Janice K. Desmond, No. 18-23750 (SHL).  Reyes Dkt. No. 132.

---

[2]    The Status Quo Order also provides that the dismissal of any of the Affected Cases or any other applicable chapter 13 case "shall not divest the Court of jurisdiction with respect to the further adjudication, interpretation of the OSC, Adjournment Order, and this Order.  *Id*.  In addition, the Status Quo Order also provides that, "pending further order of the Court, the status quo directed above shall survive the dismissal of any of the [Affected] Cases or any other applicable case to the extent permitted by controlling legal authority."  *Id.*

On September 20, 2021, pursuant to the OSC and the Adjournment Order, Ms. Tirelli filed a *Memorandum of Law*, along with her *Attorney Declaration* (collectively, "Sept. 20 Submissions"). Reyes Dkt. No. 139. In these papers, Ms. Tirelli requested that the OSC be vacated, arguing that the OSC was deficient, due to a lack of specific references to alleged misrepresentations. *Id.*, Memo. at 6-7; Decl. at ¶ 1. Ms. Tirelli also stated that she phased out her practice of escrowing postpetition mortgage payments in 2019. *Id.*, Decl. at ¶ 14 and n.1.

In her Sept. 20 Submissions, Ms. Tirelli set forth that she has a duty to not misrepresent, and stated that neither she nor anyone in her control has made any knowing misrepresentations. *Id.*, Decl. at 1. In this regard, Ms. Tirelli alleged that she never misrepresented an amount being held in escrow because certain "Ethical considerations" – which Ms. Tirelli did not identify – "precluded [her from] volunteering the fact that a particular Debtor/client has not made" the escrow payments to her office. *Id.*, Decl. at ¶ 14. Ms. Tirelli stated further that she has no basis to know whether a chapter 13 client will not comply with his or her plan. *Id.*, Memo. at 7. But she argued that, in any event, such a failure to comply does not constitute a false statement. *Id.*, Memo. at 6. According to Ms. Tirelli, if a debtor's failure to comply with the escrow provision does constitute a misrepresentation, then – implying that the misrepresentation is not hers, but instead the client's – she does not have the duty to correct that misrepresentation in the record. *Id.*, Memo. at 5-6.

In an overt but misguided attempt to displace blame upon the Court and the Chapter 13 Trustee, Ms. Tirelli alleged in her Sept. 20 Submissions that the Court knew about the escrow arrangement before issuing the OSC, and implied that the Chapter 13 Trustee should have filed turnover motions or objected to the plans. *Id.*, Decl. at ¶¶ 7, 38-39. Ms. Tirelli also attempted to shift responsibility onto her debtor clients, by saying that they were expected to put money into

escrow every month.  And, if they didn't, "that election was made solely by the Debtor."  *Id.*,

Decl. at ¶¶ 13, 36.

**E.      Escrow Funds Held by Ms. Tirelli in the Affected Cases.**

Based upon his Office's review of Ms. Tirelli's Sept. 20 Submissions, the United States

Trustee concluded that the OSC actually implicated two distinct groups within the universe of

Affected Cases, to wit: (1) "set-aside cases," in which Ms. Tirelli's debtor-clients keep and set-

aside their post-petition mortgage payments, instead of paying their mortgagee, and (2) "escrow

cases," in which the debtor-clients escrow their post-petition mortgage payments with Ms.

Tirelli's office, instead of paying their mortgagee.

Of the 17 Affected Cases identified in the OSC, the United States Trustee has concluded

that three are set-aside cases,[3] one case is neither a set-aside case nor an escrow case,[4] and 13

Affected Cases are escrow cases.  Of those 13 escrow cases, it appears that the debtors in six

escrow cases – that is, in almost half – have never delivered any post-petition mortgage

payments to Ms. Tirelli.[5]  It also appears that, of the seven remaining escrow cases, four of Ms.

Tirelli's debtor-clients resolved their mortgage disputes with their mortgagees, and as of the

---

[3]    The set-aside cases are: (1) <u>Justo Reyes</u>, No. 16-22556; (2) <u>Karen Jackson</u>, No. 16-23514;
and (3) <u>Janet Berger</u>, No. 17-22921.  In <u>Berger</u>, even though the debtor's plan does not contain
an escrow provision, the debtor nonetheless delivered post-petition mortgage payments of
$28,800 to Ms. Tirelli, who has held the funds in escrow.

[4]    The case that is neither a set-aside nor an escrow case is <u>Blossom J. Consign</u>, No. 19-23034.

[5]    The escrow cases in which it appears that the debtors did not deliver any post-petition
mortgage payments to Ms. Tirelli are: (1) <u>Frank Occhipinti</u>, No. 18-22690; (2) <u>Douglas Kramer</u>,
No. 18-22940; (3) <u>Charmaine Brown</u>, No. 18-23036; (4) <u>Janice Desmond</u>, No. 18-23750; (5)
<u>Suzanne Faupel</u>, No. 19-22007; and (6) <u>Christopher Gizzo</u>, No. 19-22051.

issuance of the OSC, Ms. Tirelli no longer held post-petition mortgage funds that she once held in escrow for these four debtors.[6]

It appears that, in the remaining three escrow cases, and in one set-aside case, (4 cases total), Ms. Tirelli is still holding escrow money totaling $72,511.[7]

**F.      Events at the Hearing of October 20, 2021.**

At the hearing held on October 20, 2021 ("Oct. 20 Hearing"), the Court stated that, prior to the issuance of the OSC, it had asked Ms. Tirelli about the status of the escrow payments in one or more of the Affected Cases, but that such queries were "not responded to" within a "significant length of time." Reyes Dkt. No. **XXX**, Tr., at 8:22-25, and 11:13-16 ("numerous inquiries, but the usual response, with an exception here or there, was that people would have to look into it.").[8]  In this regard, the Court articulated its "frustration" that, "since it had been represented in one case or another" that certain of Ms. Tirelli's debtor clients were depositing mortgage payments into escrow with her office, "when it turned out to not really be what was done, and the fact that it couldn't be checked on by anybody but debtor's counsel, . . . " that, to the Court, was "a very stark revelation and a concerning one." *Id.*, at 13:17-23.  It was also the Court's understanding, "correctly or incorrectly," that if payments under the plans in the Affected Cases "were provided for to be made in escrow [. . .] that they were being made in

---

[6]     The escrow cases in which Ms. Tirelli no longer holds escrow funds are: (1) John Kolkowski, No. 19-22172 (2) Catherine Pelle, No. 19-22229; (3) Sarah Frankel, No. 19-22281; and (4) Malka Farkas, No. 19-22520.

[7]     According to Ms. Tirelli's Sept. 20 Submissions, the three escrow cases (and escrow holdings) are: (1) Anastasia Cretekos, No. 18-22239 ($28,000); (2) Richard Watson, No. 18-22923 ($8,511); and (3) David Akerib, No. 19-22276 ($7,200).  The set-aside case is Janet Berger, No. 17-22921 (holding $28,800).

[8]     The Transcript of the Oct. 20 Hearing has not yet been filed on the docket, but the Chapter 13 Trustee has filed it as part of her Affirmation (Reyes Dkt. No. 162).

escrow," and neither the Court, nor the Chapter 13 Trustee nor creditors were capable or corroborating that. *Id.*, at 9:14-22.

To underscore its frustration even further, the Court was blunt about its perception of Ms. Tirelli's handling of her escrow cases: "I ultimately have a circumstance where I feel like I was misled somewhat implicitly in terms of the way the practice was done . . . given the discretion to carry out this practice, the practice was misused." *Id.*, at 30:17-24.

The Chapter 13 Trustee reminded the Court that there is "no statutory basis" for the escrow practice." *Id.*, at 26:16-17. Counsel to the Chapter 13 Trustee argued that: "Misrepresentations could be a failure to disclose, silence and concealment of a material fact, it could be implied, it could be overt. Even a nondisclosure can constitute a misrepresentation." *Id.*, at 23:19-22. In terms of the misrepresentations potentially at issue, the United States Trustee's counsel told the Court that, for every month that a chapter 13 plan lied on the docket without a status on it, the Court and the bankruptcy system were led to believe that the debtors were making their mortgage payments into escrow. *Id.*, at 19:5-10.

Ms. Tirelli's counsel attempted to dispose of the OSC twice during the Oct. 20 Hearing. Counsel first offered to resolve the OSC by asking for the issuance of an order providing that, in future escrow cases, Ms. Tirelli would inform the court of a debtor's failure to make a mortgage payment into escrow. But, since this arrangement effectively would permit Ms. Tirelli's escrow practice to continue, the Court readily declined in favor of banning the practice altogether. "So, that we're not doing this ever again . . . I've concluded that given the history here, it's just inappropriate and ripe for abuse, and so I just ban the practice." *Id.*, at 14:13-15:5. *See also*, *id.*, at 40:5-7 (the Court: "I think what's been asked for today is to essentially button up the fact that this practice is no longer permitted, and that's very clear and understood.")

Ms. Tirelli's counsel then requested that the Court simply vacate the OSC, in favor of permitting the United States Trustee and the Chapter 13 Trustee to direct any inquiries to Ms. Tirelli. *Id*., at 32:19-25. The Court declined again. "I'm not a fan of vacating the application at this point, to have then a variety of follow up in individual cases with different parties. I don't think that's appropriate. Having issued the order to show case because of concerns, I think we should address the concerns and get whatever information is appropriate in the context of this particular proceeding." *Id*., at 33:16-23.

At the Oct. 20 Hearing, the United States Trustee's counsel requested five follow-up items to be ordered of Ms. Tirelli, with which the Court generally agreed. Those items are as follows:

(1)    <u>Disclosure of whether Ms. Tirelli is holding funds in cases other than the Affected Cases</u>. *Id*., at 19:20-22. The Court agreed that Ms. Tirelli should furnish this information. *See id*., at 20:17-19 ("I want to understand that there are no cases where this practice is currently going on, is currently requested . . . "); and *see also, id.*, at 36:1-7, and 20-24.

(2)    <u>A comparison between the amounts in escrow and amounts that should be in escrow for every particular case, as originally required of Ms. Tirelli in the OSC</u>. *Id*., at 19:25-20:2. While Ms. Tirelli has not complied with this requirement, as of the Oct. 20 Hearing, the Chapter 13 Trustee had calculated this amount at approximately $1.2 million. *Id*., at 27:1-5. The Court, therefore, was "not sure . . . I don't know if there is anything more productive other than to know the exact number as opposed to the estimated number, and I think we all know the number is large." *Id*., at 35:2-7.

(3)     "A definitive on-record statement" that Ms. Tirelli's escrow "practice has ceased." *Id.*, at 20:7-8.  The Court concurred emphatically that "it's probably the single most important issue to come out of this, frankly, how things are going to be handled going forward" . . . "I want to understand that there are no cases where this practice . . . is in any plans going forward in the future). *Id.*, at 20:17-20.  The Court added, clearly: "I would like a statement, to the extent one hasn't been made, in writing that this practice has ceased." *Id.*, at 34:3-11.

(4)     Guidance concerning the disposition of the escrow funds being held by Ms. Tirelli in the escrow cases. *Id.*, at 21:2-13.  In extended instructions, the Court directed Ms. Tirelli to consult with the United States Trustee and the Chapter 13 Trustee about alternatives for disposing of the remaining escrow funds, then file a proposal. *Id.*, at 44:14-46:19.

(5)     An accounting by Ms. Tirelli of the escrow funds held in each applicable Affected Case. *Id.*, at 22:4-13.  The Chapter 13 Trustee agreed that such an accounting was necessary, (*id.*, at 25:9-10), and set forth that she was seeking "primary source information, which ideally would be in the form of bank statements . . . We're not seeking an independent summary that's created for litigation, we're looking for primary source information because these are escrow funds, funds going in and funds going out, which we anticipate seeing." *Id.*, at 48:9-14.  The Court was also in accord, and expected Ms. Tirelli to submit: "the date [the escrow account] was set up, what sort of account was set up, what that looked like, is it a sub-account, is it a separate account, where is it kept, the kinds of details that you would expect someone said, from an accounting point of view, what's the deal with the particular escrow account. *Id.*, at 42:16-22. Like the Chapter 13 Trustee, the Court also expected the filing of escrow bank statements by Ms. Tirelli. *Id.*, at 49:1-13.  The Court specifically requested that the parties consult with respect to this accounting.  "We don't want to get bogged down in this particular issue; I would think.  So,

11

please talk to each other about that [, i]f there's questions about whether the submission and the documents that are provided will be satisfactory." *Id*., at 50:2-5.

At the conclusion of the Oct. 20 Hearing, with the consent of Ms. Tirelli, the Chapter 13 Trustee and the United States Trustee, the Court "So Ordered" the record. *Id*., at 50:11-25. Before recessing, the Court then made one last request that the parties confer: "If I can be helpful, just talk to each other please. I beg you to do that." *Id*., at 51:2-3.

## G.    Ms. Tirelli's Second Attempt to Unilaterally Release Escrow Funds.

On October 29, 2021, in the three escrow cases where she continues holding escrow funds, (*see* n.7 above), Ms. Tirelli unilaterally filed Notices of Presentment of certain "Letter Motion[s] to Approve Client Directive to Release Escrow Funds." [9]  Purported client instructions for the release of the escrow funds are included in each of the foregoing Notices of Presentment. On November 16, 2021, in the set-aside case where she continues holding escrow funds, Ms. Tirelli filed a similar Notice of Presentment, without client instructions. *See* n.9.

Each of these Notices of Presentment requests a Court order allowing Ms. Tirelli to release the debtor's escrow funds – in three cases to the debtor, in one case to the Chapter 13 Trustee. *See* n.8.  However, the Chapter 13 Trustee has filed objections to these Notices of

---

[9]    The Notices of Presentment are as follows:

(1)    Anastasia Cretekos, No. 18-22239, Dkt. No. 117 (filed Oct. 29, 2021).  Request for $28,000 escrow to be released to debtor, per purported directive.

(2)    Richard Watson, No. 18-22923, Dkt. No. 128 (filed Oct. 29, 2021).  Request for $8,511 escrow to be released to debtor, per purported directive.

(3)    David Akerib, No. 19-22276, Dkt. No. 99 (filed Oct. 29, 2021).  Request for $7,200 to be released to Chapter 13 Trustee, per purported directive.

(4)    Janet Berger, No. 17-22921, Dkt No. 91 (filed Nov. 16, 2021).  Request for $28,800 to be released to debtor.  Even though the docket of the Berger case shows that the debtor has retained Dawn Kirby, Esq., as new bankruptcy counsel, Ms. Tirelli alleges that she has "lost contact" with the debtor.  Furthermore, according to Ms. Tirelli's Notice of Presentment, the debtor in this case has not directed the release of escrow funds.

Presentment on the ground that permitting the release of escrow funds at this point will move such funds out of the escrow accounting framework ordered by the Court at the Oct. 20 Hearing.[10]  Procedural improprieties resulting from noncompliance with our local bankruptcy rules also compelled the Chapter 13 Trustee to object.  *See* n.10.

Between the Oct. 20 Hearing and the October 29, 2021 filing of the first three Notices of Presentment, neither Ms. Tirelli nor her counsel consulted with the United States Trustee or the Chapter 13 Trustee.  In light of the Court's clear so-ordered instruction at the Oct. 20 Hearing that the parties discuss the disposition of escrow funds held by Ms. Tirelli, the unilateral filing of the Notices of Presentment on October 29 came as a surprise.

**H.      Ms. Tirelli's Supplemental Attorney Declaration.**

On November 17, 2021, Ms. Tirelli filed a *Supplemental Attorney Declaration*.  Reyes Dkt. No. 159.  Categorically, this declaration avers three things, as follows:

(1)      Except for the four cases in which she continues holding escrow funds, (listed in n.8 above), neither Ms. Tirelli nor her firm "are holding funds in any pending bankruptcy case." *Id*., at 1.

(2)      Ms. Tirelli "ended the practice of incorporating certain chapter 13 plans setting aside debtor mortgage payments into escrow pending resolution of disputes in our about late 2019," before the OSC, and she is "no longer offering escrow services for bankruptcy clients." *Id*., at 1-2.

---

[10]      *See* <u>A. Cretekos</u>, No. 18-22239, Dkt. No. 118; <u>Richard Watson</u>, No. 18-22923, Dkt. No. 130; <u>David Akerib</u>, No. 19-22276, Dkt. No. 101; <u>Janet Berger</u>, No. 17-22921, Dkt No. 94.

(3)     Ms. Tirelli delivered "escrow summaries," attached to the declaration, to eight debtor-clients whose escrow funds she held or continues holding.  (Those debtors are listed in n. 6-7 above).

## III.  <u>RECOMMENDATION</u>

While, on the one hand, Ms. Tirelli's has repeated requested that the OSC be vacated, she has, on the other hand, fallen short of fulfilling the mandates needed to accomplish that.  The OSC should not be vacated until Ms. Tirelli comes into full compliance with its terms, and with the requirements established by the Court at the Oct. 20 Hearing.

At this juncture, it appears that Ms. Tirelli has provided a calculation of funds held in escrow in the Applicable Cases, amended the applicable chapter 13 plans to delete the offending escrow provisions, and averred that she has ceased the escrow practice.  It also appears that Ms. Tirelli holds no escrow funds in cases other than the Affected Cases.  However, pursuant to the OSC and so-orders from the Oct. 20 Hearing, the following items remain open and outstanding:

(1)     <u>A comparison of the amounts held in escrow vis-à-vis the amounts that should have been held in escrow</u>.  Though disagreeing with the Chapter 13 Trustee's earlier $1.2 million calculation of this figure, (Reyes Dkt. No. 139, Decl. at ¶ 6), Ms. Tirelli has never attempted to comply with this requirement of the original OSC, despite having had almost six months to do so.  Nor has Ms. Tirelli attempted to justify this failure.  And now, the Chapter 13 Trustee has revised her earlier estimate, and calculated that on a district-wide basis, this figure is now over $2.4 million – *i.e.*, double her earlier estimate.

The comparison required in the OSC provides a solid objective measure of the damage of the escrow practice upon the bankruptcy system, and of funds, now unaccounted for, that should

have been administered otherwise in chapter 13 as disposable income.  Accordingly, the United

States Trustee urges the Court not to excuse this requirement of the original OSC.

(2)    <u>Disposition of current escrow funds</u>.  Ms. Tirelli continues holding $72,511 in

four escrow accounts.  She has attempted to divest herself of possession by unilaterally filing

motions on presentment, but done so without even attempting to fulfill this Court's mandate of

pre-consultation with the Chapter 13 Trustee and the United States Trustee.  Under the

circumstances, this willful non-compliance should not be excused.

(3)    <u>Escrow Statements</u>.  Rather than filing the relevant escrow bank statements, Ms.

Tirelli has filed escrow summaries prepared by her office.  But such summaries are exactly the

form of escrow documentation rejected by the Court at the Oct. 20 Hearing.  Ms. Tirelli is

presumed to keep the bank statements at issue, in light of the applicable rules of conduct.  "A

lawyer shall hold property of clients or third persons that is in a lawyer's possession in

connection with a representation separate from the lawyer's own property.  [ ]  Complete records

of such account funds and other property shall be kept by the lawyer and shall be preserved for a

period of seven years after termination of the representation.  Conn. Rule of Professional

Conduct 1.15 (Safekeeping Property).

Providing bank statements is perhaps the most important of the three categorical items

remaining in order for Ms. Tirelli to achieve full compliance, and to date Ms. Tirelli has offered

no cognizable reason for failing to provide them, as ordered at the Oct. 20 Hearing.  As set forth

above, Ms. Tirelli has taken the position that certain unidentified "ethical considerations . . .

"preclude [her from] volunteering the fact that a particular Debtor/client has not made" the

escrow payments to her office.  Reyes Dkt. No. 139, Decl. at ¶ 14.  As a matter of law, however,

that is mistaken, because to the extent that Ms. Tirelli holds money in escrow for individuals who

15

are bankruptcy debtors, she is functioning in a non-legal, unprivileged capacity. *Raspberry Junction Props. LLC v. Edwards Fa. P'ship LP*, No. 18-cv-1243-WWE, 2019 WL 2602871, *1 (D. Conn. June 25, 2019) ("an attorney's actions as an escrow agent do not implicate the attorney-client privilege.")  Moreover, because bank records and checks are not communications made in confidence, they ordinarily are not subject to the protection of the attorney-client privilege. *Harris v. United States*, 413 F.2d 316, 320 (9th Cir. 1969).  Also, the fact that Ms. Tirelli is holding escrow funds is not confidential, much less a communication made for the purpose of obtaining legal advice. *See United States v. Huberts*, 637 F.2d. 630, 640 (9th Cir. 1980) (no privilege attaches to relationship between attorney and client where client functions as business agent); *Randy Int'l Ltd. v. Automatic Compactor Corp.*, 412 N.Y.S.2d 995, 998 (N.Y. Civ. Ct. 1979) (privilege does not apply to information as to whether money held in escrow).

## IV. CONCLUSION

**WHEREFORE,** the United States Trustee respectfully files this response to the Supplemental Attorney Declaration, and requests an order requiring Linda M. Tirelli, Esq.'s compliance with the OSC and the so-ordered Oct 20 Hearing, and such relief as the Court deems just and appropriate.

Dated: New York, New York
    December 7, 2021

                           WILLIAM K. HARRINGTON
                           UNITED STATES TRUSTEE

                   ***By:***    ***/s/ Andrew D. Velez-Rivera***
                           Trial Attorney
                           U.S. Department of Justice
                           Office of the United States Trustee
                           U.S. Federal Office Bldg.
                           201 Varick Street, Suite 1006
                           New York, New York 10014
                           Tel. (212) 510-0500