UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

Justo Reyes,

                    Debtor.

Chapter 13

Case No. 16-22556 (SHL)

------------------------------------------------------X
In re:

Karen Jackson,

                    Debtor.

Chapter 13

Case No. 16-23514 (SHL)

------------------------------------------------------X
In re:

Janet Berger,

                      Debtor.

Chapter 13

Case No. 17-22921 (SHL)

------------------------------------------------------X
In re:

Anastasia Cretekos,

                      Debtor.

Chapter 13

Case No. 18-22239 (SHL)

------------------------------------------------------X
In re:

Frank Occhipinti,

                      Debtor.

Chapter 13

Case No. 18-22690 (SHL)

------------------------------------------------------X
In re:

Richard Graham Watson,

                      Debtor.

Chapter 13

Case No. 18-22923 (SHL)

------------------------------------------------------X
In re:

Douglas Kramer,

                      Debtor.

Chapter 13

Case No. 18-22940 (SHL)

------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 13 |
| Charmaine J. Brown, | Case No. 18-23036 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Janice K. Desmond, | Case No. 18-23750 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Suzanne M. Faupel, | Case No. 19-22007 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Christopher Rocco Gizzo, | Case No. 19-22051 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| John Kolkowski, | Case No. 19-22172 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| Catherine R. Pelle, | Case No. 19-22229 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |
| In re: | Chapter 13 |
| David Daniel Akerib, | Case No. 19-22276 (SHL) |
| Debtor. | |
| ------------------------------------------------------X | |

| | |
|---|---|
| In re: | Chapter 13 |
| Sarah Frankel, | Case No. 19-22281 (SHL) |
| Debtor. | |
| ---------------------------------------------------X | |
| In re: | Chapter 13 |
| Malka Farkas, | Case No. 19-22520 (SHL) |
| Debtor. | |
| ---------------------------------------------------X | |
| In re: | Chapter 13 |
| Blossom Joyce Consingh, | Case No. 19-23034 (SHL) |
| Debtor. | |
| ---------------------------------------------------X | |

## ORDER SCHEDULING HEARING ON SEALING MOTION

Before the Court is an Order to Show Cause [ECF No. 112][1] (the "OSC") why the Court should not sanction counsel Linda Tirelli for certain conduct in the above-captioned Chapter 13 cases. Having spent months obtaining information to flesh out the facts relating to the issues raised by the OSC, the Court is ready to turn to the merits of the OSC. But as a preliminary matter, counsel for Ms. Tirelli has announced his desire to seek to seal all or part of the pleadings to be filed on the merits by all parties, including the Office of the United States Trustee (the "UST"), the Chapter 13 Trustee and Ms. Tirelli herself. As the Court has explained in prior hearings on the OSC, however, the Court doubts that it is appropriate to seal any of the information in this matter. *See Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.)*, 492 B.R. 162, 177 (Bankr. S.D.N.Y. 2013) ("An unintended, potential secondary consequence of negative publicity does not warrant sealing[]. Nor is the fact that a filing is embarrassing to a party-in-interest a sufficient basis to justify sealing court records in the face of the express and

---

[1] Unless otherwise noted, all references to the Case Management/Electronic Case Filing System ("ECF") are to Case No. 16-22556.

3

important policy of public access to court records.") (internal citations and quotations omitted). This matter was discussed at a status conference on May 3, 2022. Subsequent to that conference, the UST filed two pleadings. The first was the *Recommendation of United States Trustee, William K. Harrington, Re: Order to Show Cause Why Court Should Not Sanction Counsel* [ECF No. 176] (the "UST Recommendation"), which was filed in fully redacted format. The second was the *Motion of United States Trustee, William K. Harrington, to Unseal Recommendation Re: Order to Show Cause Why Court Should Not Sanction Counsel Pursuant to 11 U.S.C. § 107(a)* [ECF No. 177] (the "Sealing Motion"), which was filed without any redaction. Based on its preliminary review of the Sealing Motion, the Court is skeptical that any material in this proceeding should be subject to sealing. But counsel to Ms. Tirelli has not yet had an opportunity to respond to the Sealing Motion. Given the desire to preserve the rights of Ms. Tirelli to seek sealing and in light of all the history in these proceedings, it is hereby:

**ORDERED**, that the Clerk of the Court shall temporarily block public access to the Sealing Motion until a final determination is made regarding the question of whether any information in that pleading——and in this proceeding—should be sealed; and it is further

**ORDERED**, that a redacted version of the Sealing Motion shall be filed by June 17, 2022; and it is further

**ORDERED**, that the Chapter 13 Trustee shall file under seal any response to the UST Recommendation and the Sealing Motion by June 17, 2022; and it is further

**ORDERED**, that counsel to Ms. Tirelli shall file under seal any response to the UST Recommendation, the Sealing Motion and any pleadings by the Chapter 13 Trustee by July 1, 2022; and it is further

**ORDERED**, that the UST and the Chapter 13 Trustee file under seal any reply by July 11, 2022; and it is further

**ORDERED**, that upon receipt of all pleadings, the Court will contact the parties to set a hearing on both the Sealing Motion and the merits of the OSC. The Court intends to address the sealing question first at any hearing so that the subsequent argument on the merits can be conducted on the public record to the fullest extent possible consistent with applicable law.

Dated: White Plains, New York
      June 13, 2022

                                        */s/ Sean H. Lane*
                                        UNITED STATES BANKRUPTCY JUDGE